UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

LAURA B. GOODMAN,

      Plaintiff,

v.

MONROE COUNTY BOARD OF
COUNTY COMISSIONERS,

      Defendant.

_____/

## COMPLAINT

Plaintiff, LAURA B. GOODMAN ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, MONROE COUNTY BOARD OF COUNTY COMISSIONERS (hereinafter "Defendant") and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs for discriminatory treatment and retaliation under the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., under 29 U.S.C. §§ 621-634 the Age Discrimination in Employment Act ("ADEA"), and under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §12101 *et seq.*

2. This Court has jurisdiction over Plaintiff's claims.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Monroe County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FCRA, the ADEA, Title VII and the ADA.

4.   Plaintiff was employed by Defendant. Defendant is the board that governs a political subdivision established under the laws of the State of Florida and is subject to the jurisdiction of this Court.

5.   Venue is proper in the Southern District of Florida because all of the actions that form the basis of this Complaint occurred within Monroe County, Florida.

6.   Defendant was a "person" and/or "employer" pursuant to Title VII, Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7.   Defendant has more than twenty (20) employees for purposes of the ADEA.

8.   At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII, Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.* and it is subject to the employment discrimination provisions of the applicable statutes.

9.   Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

10. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff was employed by Defendant as a Code Compliance Collections Facilitator (hereinafter "Collections Facilitator") from on or about February 19, 2019 until on or about September 18, 2019.

13. Although Plaintiff's job title was Collections Facilitator, Plaintiff was not given training or work as a Collections Facilitator due to discrimination. Plaintiff's actual job duties included, but were not limited to, odd jobs such as property research, photocopying, and answering the phone.

14. Plaintiff is a female over the age of forty (40) who suffered from cancer. As such, Plaintiff is in protected categories and a covered employee for purposes of the FCRA, Title VII, and the ADEA.

15. On or about December 2018, Plaintiff was diagnosed with stage three breast cancer.

16. On or about January 15, 2019, Plaintiff notified Defendant of her cancer diagnosis. Specifically, Plaintiff coordinated a telephone call with Cynthia McPherson, the Director of Code Compliance. McPherson was also the person who hired Plaintiff. During this telephone call, Plaintiff advised McPherson of health issues discussed accommodations.

17. McPherson stated "do not worry, we will deal with it" and assured Plaintiff that Plaintiff should consider the job position her own.

18. Subsequently, Plaintiff underwent four months of chemotherapy, followed by a bilateral radical mastectomy, reconstruction and then six and a half weeks of daily radiation.

19. On or about July 12, 2019, McPherson asked Plaintiff to sign a letter, which was a "resignation letter" or be terminated. Plaintiff was perplexed because Plaintiff had been at her job on most days (except every other Thursday for chemotherapy and only missed three weeks when she had the surgery and recovery in June.

20. On or about July 12, 2019, Plaintiff called Pamela Pumar to complain about discrimination and to schedule an in-person meeting with the HR Department. Among other conversation topics, Pumar told Plaintiff that she should continue to go to work.

21. The meeting with the HR Department was scheduled for on or about July 15, 2019. At this point, Pumar told Plaintiff that she should continue to go to work. Pumar also stated on the phone that they would conduct a thorough but quick investigation regarding "performance issues." Plaintiff believes these "performance issues" are a pretext for discrimination. Plaintiff expressed that her goal, in order to keep her job, would be to either maintain her current position, work remotely, or be transferred to another one within the County. The transfer would only be done if Plaintiff's request for a reasonable accommodation to take days off intermittently to attend chemotherapy and radiation sessions were refused.

22. Since Plaintiff attended medical appointments outside of the office, Plaintiff has been repeatedly targeted, isolated, and subjected to a hostile work environment. For example, Plaintiff was not allowed to work from the office corresponding to her job title of Collections Facilitator on a regular basis, and instead was made to work from an office meant for an administrative assistant. Also, work has been taken away from Plaintiff and she is not allowed to talk with many of her coworkers. Some of these coworkers give her vague instructions in writing. The instructions can be intentionally misleading.

23. On or about September 18, 2019, Plaintiff was terminated. On that day, Cynthia McPherson and Christine Hurley, Assistant County Administrator, went into the office Plaintiff had been assigned and informed Plaintiff that her job was done and the she had to leave. Plaintiff asked for an explanation and Hurley only responded "no." Plaintiff was humiliatingly escorted out of the building by McPherson and on her way-out Plaintiff was not allowed to speak with anyone.

24. Throughout Plaintiff's employment, Plaintiff has always performed the essential functions of her job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels.

25. Any reason proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination.

<u>**COUNT I**</u>
*Discrimination based on Sex/Gender in Violation of the FCRA*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this Complaint as if set out in full herein.

27. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex/gender.

28. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon sex/gender-conformity considerations or reasons.

29. The Plaintiff is a female and former employee of Defendant and she possessed the requisite qualifications and skills to perform her position with Defendant.

30. While employed with Defendant, Plaintiff was subjected to discrimination and harassment based on her gender.

31. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

32. Moreover, as a further result of the Defendant's unlawful gender based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

33. Plaintiff was qualified for her position with Defendant.

34. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her gender in the terms, conditions, and privileges of employment.

35. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination.

36. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

e. Reinstate full fringe benefits and seniority rights to Plaintiff;

f.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

g.  For a money judgment representing prejudgment interest;

h.  Award any other compensation allowed by law including punitive damages and attorney's fees;

i.  Grant Plaintiff's costs of this action, including reasonable attorney's fees;

j.  Grant Plaintiff a trial by jury; and

k.  Grant such other and further relief as the Court deems just and proper.

## COUNT II
### *Hostile Work Environment in Violation of the FCRA*

37. Plaintiff re-adopts each and every factual allegation as stated in 1-25 of this Complaint as if set out in full herein.

38. Defendant is an employer as that term is used under the applicable statutes referenced above.

39. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting her under the FCRA.

40. Plaintiff, as a female disabled individual, is within a protected class as envisioned by the FCRA.

41. During her employment with Defendant, McPherson and others subjected Plaintiff to unwelcome harassment.

42. The harassment Plaintiff endured by Plaintiff was predicated on Plaintiff being a female disabled individual. The harassment is decidedly severe where McPherson and others continuously harassed and threatened to terminate Plaintiff.

43. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as she continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), is demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately altered/changed where she was ultimately constructively discharged.

44. Defendant is liable for this conduct, either vicariously or directly, where Plaintiff's supervisor had knowledge of the harassment and abuse and no remedial or disciplinary action was undertaken.

45. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

46. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

   a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

   b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d.  Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

e.  Reinstate full fringe benefits and seniority rights to Plaintiff;

f.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

g.  For a money judgment representing prejudgment interest;

h.  Award any other compensation allowed by law including punitive damages and attorney's fees ;

i.  Grant Plaintiff's costs of this action, including reasonable attorney's fees;

j.  Grant Plaintiff a trial by jury; and

k.  Grant such other and further relief as the Court deems just and proper.

## COUNT III
### *Retaliation in Violation of the FCRA*

47.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 above as if set out in full herein.

48. Defendant is an employer as that term is used under the applicable statutes referenced above.

49. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

50. The foregoing unlawful actions by Defendant were purposeful.

51. Plaintiff engaged in a statutorily protected activity by taking leave during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

52. Plaintiff is a member of a protected class because she engaged in a statutorily protected activity and was the victim of retaliation thereafter.  There is a causal connection between the engagement of the statutorily protected activity and the adverse employment action taken thereafter.

53.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

54. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

e.   Reinstate full fringe benefits and seniority rights to Plaintiff;

f.   Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

g.   For a money judgment representing prejudgment interest;

h.   Award any other compensation allowed by law including punitive damages and attorney's fees ;

i.   Grant Plaintiff's costs of this action, including reasonable attorney's fees;

j.   Grant Plaintiff a trial by jury; and

k.   Grant such other and further relief as the Court deems just and proper.

### COUNT IV
### *Discrimination Based on Age in Violation of the FCRA*

55. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

56. Plaintiff is a member of a protected class under the FCRA, to wit Plaintiff is over forty (40) years of age.

57. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

58. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

59. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

60. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with the Defendant.

61. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

62. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

63. Defendant's basis for the adverse conduct against Plaintiff, if any, are pretextual and illegitimate, asserted only to cloak the discriminatory nature of their conduct.

64. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

65. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

66. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

e. Reinstate full fringe benefits and seniority rights to Plaintiff;

f. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

g. For a money judgment representing prejudgment interest;

h. Award any other compensation allowed by law including punitive damages and attorney's fees ;

i. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

j. Grant Plaintiff a trial by jury; and

k. Grant such other and further relief as the Court deems just and proper.

## COUNT V
### *Disability Discrimination in Violation of the FCRA*

67. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as is set out in full herein.

68. Plaintiff has a physical disability that substantially limits one or more major life activities and is thus a member of a protected class under the FCRA.

69. Plaintiff was regarded as having a disability by Defendant and Defendant's agents.

70. By the conduct described above, Defendant has engaged in discriminatory conduct against

Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

71. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a medical disorder.

72. Plaintiff can and did perform the essential functions of her job with or without reasonable accommodation.

73. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

74. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability.

75. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

76. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

77. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

78. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

79. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law,

to punish the Defendant for its actions and to deter it, and others, from such action in the future.

80. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

e. Reinstate full fringe benefits and seniority rights to Plaintiff;

f. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

g. For a money judgment representing prejudgment interest;

h. Award any other compensation allowed by law including punitive damages and attorney's fees ;

i. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

j.   Grant Plaintiff a trial by jury; and

k.   Grant such other and further relief as the Court deems just and proper.

## COUNT VI
### *Sex/Gender Discrimination in Violation of Title VII*

81. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

82. Plaintiff is a member of a protected class under Title VII.

83. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex/gender, and subjected the Plaintiff to animosity based on sex/gender.

84. Such discrimination was based upon the Plaintiff's sex/gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a woman.

85. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of sex/gender was unlawful but acted in reckless disregard of the law.

86. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

87. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

88. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

89. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

90. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

91. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT VII**</u>
*Hostile Work Environment in Violation of Title VII*

92. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this

complaint as if set out in full herein.

93. Plaintiff is a member of a protected class under Title VII.

94. By the conduct described above, Defendant subjected Plaintiff to a hostile work environment for exercising rights protected under Title VII.

95. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of gender and disability was unlawful but acted in reckless disregard of the law.

96. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

97. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

98. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

99. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's hostile work practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Title VII and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits'

adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VIII
### *Retaliation in Violation of Title VII*

100. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

101. Plaintiff is a member of a protected class under Title VII.

102. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under Title VII.

103. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

104. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

105. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued

discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

106. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

107. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.   Adjudge and decree that Defendant has violated Title VII and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IX
### *Age Discrimination in Violation of the ADEA*

108. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

109. Plaintiff is a member of a protected class under the ADEA, to wit Plaintiff is over forty (40) years of age.

110. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

111. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

112. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

113. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

114. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

115. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

116. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

117. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and

with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

118. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the ADEA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT X</u>
### *Disability Discrimination in Violation of the ADA and ADAAA*

119. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

120. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of employee's actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

121. Plaintiff was a member of a protected class under the ADA and ADAAA, to wit she had cancer.

122. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

123. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact of Plaintiff's injury.

124. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

125. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

126. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

127. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

128. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

129. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

130. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated ADA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: October 14, 2021                          Respectfully submitted,

/s/:*Peter M. Hoogerwoed*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Cristobal Bobadilla-Gamboa
Fla. Bar. No. 113656
cbg@rgpattorneys.com
***Remer & Georges-Pierre, PLLC***
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile